*Tuesday, October 22, 1991*
## MERIT DOCKET

**91–1845.** State, ex rel. Hinkle, v. Franklin Cty. Bd. of Elections. In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus and was considered in a manner prescribed by law. Upon consideration thereof,

IT IS ORDERED by the court that a peremptory writ of mandamus be, and the same is hereby, allowed, for the reason that Am.Sub. H.B. 200 violates the one-subject provision of Section 15(D), Article II of the Ohio Constitution.

IT IS FURTHER ORDERED by the court that respondent place upon the ballot for the November 5, 1991 general election in Columbus, Ohio, Ward 61(D), and in Westerville, Ohio, 4(G) Residence District, the two questions posed in relator's November 2, 1990 local option petitions, provided that respondent does not determine that such petitions are invalid for fraud or for reasons other than noncompliance with Am.Sub. H.B. 200.

IT IS FURTHER ORDERED that this matter is remanded to the Franklin County Board of Elections to determine the issue of fraud, consistent with the opinion to follow.

MOYER, C.J., SWEENEY, HOLMES, H. BROWN and RESNICK, JJ., concur.

DOUGLAS and WRIGHT, JJ., dissent.

DOUGLAS, J., dissenting. I would not reach the merit issue decided by the majority. I would dismiss this action based upon relator's refusal to testify on deposition after this court, ruling on a protective order sought by relator, denied relator's request to be protected from the giving of a deposition. The sanction of dismissal is reasonable and appropriate given the fact that respondent certainly has a right to discover what activities relator has engaged in with regard to the petition campaign. See, generally, Civ.R. 37.

WRIGHT, J., concurs in the foregoing dissenting opinion.

**91–1845.** State, ex rel. Hinkle, v. Franklin Cty. Bd. of Elections. In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus. Upon consideration of respondent's motion for judgment on the pleadings,

IT IS ORDERED by the court that said motion for judgment on the pleadings be, and the same is hereby, denied.

**91–1932.** State, ex rel. Citizens for a Better Beachwood, v. Cuyahoga Cty. Bd. of Elections. In Mandamus. Writ denied, consistent with the opinion to follow.

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

On motion to reconsider denial of motion for leave to intervene. Motion to reconsider granted and motion for leave to intervene granted.

MOYER, C.J., HOLMES and H. BROWN, JJ., dissent.

## MOTION DOCKET

**91–2097.** State, ex rel. Carr, v. Cuyahoga Cty. Bd. of Elections. On motion to expedite. Motion granted.

*Wednesday, October 23, 1991*
## REHEARING DOCKET

**91–1329.** Ellis v. State. *Franklin County*, No. 90AP–1057. Reported at 62 Ohio St.3d 1418, 577 N.E.2d 663. On motion for rehearing. Rehearing granted and motion to certify allowed.